## Case No. 15,821.

### UNITED STATES v. MORTIMER.

[1 Hayw. & H. 215.] 1

Circuit Court, District of Columbia. Jan. 4, 1845.

RECEIVING STOLEN GOODS—GOODS BROUGHT FROM ANOTHER STATE.

The receiving of stolen goods in this Dis-trict, knowing that the goods were stolen in another state or jurisdiction, is an offence with-in the jurisdiction of the District of Columbia.

The defendant [Albert Mortimer] was in-dicted by the grand jury of Alexandria coun-ty, for receiving stolen goods. The goods were stolen in Maryland, and brought into Alexandria and received by the defendant, who knew them to be stolen. The indict-ment is in substance: That Albert Mortimer with force and arms, at the county aforesaid * * * of the goods and chattels * * * before then feloniously stolen, taken and car-ried away feloniously did receive and have (he the said Albert Mortimer then and there well knowing the said goods and chattels to have been feloniously stolen, taken and car-ried away) against, &c. The defendant plead not guilty in manner and form, &c. A juror was withdrawn and the case was adjourned

1 [Reported by John A. Hayward, Esq., and George C. Hazleton, Esq.]

from the criminal court of Alexandria county to this court on a question of law.

Philip R. Fendall, for the United States.
Wm. L. Brent, for defendant.

The United States through their attorney offered evidence tending to prove that the goods charged in the indictment to have been stolen were stolen in the state of Mary-land, that after being so stolen they were brought into the county of Alexandria in the District of Columbia by the person who stole them, and that they were after be-ing so brought into said county received by the prisoner in said county with knowl-edge on his part that they were stolen, where-upon, the prisoner through his counsel pray-ed the court to instruct the jury that the prisoner is entitled to an acquittal. The ques-tion arising on said prayer was whether the receiving in the county of Alexandria of stolen goods, with knowledge on the part of the receiver, that said goods had been stolen in the state of Maryland and which goods were brought as aforesaid by the thief into said county of Alexandria, be an offence with-in the jurisdiction of the criminal court of the District of Columbia.

The following authorities were relied on by the attorney for the United States in support of the indictment: People v. Burke, 11 Wend. 129.2 This was a case under a New York statute, but the remarks of Savage, C. J., were as to the general principle underlying the case. Cullins' Case, 1 Mass. 115; Ellis' Case, 3 Conn. 185; Andrews' Case, 2 Mass. 14;3 Lord's Case, cited Id. 16; Rex v. Peas, 1 Root, 69; Somerville's Case, 21 Me. 14, cited in Law Magazine, for April, 1844, pp. 206, 207; U. S. v. Mason [Case No. 15,738], May Term, 1823; U. S. v. Tolson [Id. 16,530]; U. S. v. Haukey [Id. 15,328].

The counsel for the defendant offered the following: Tolson's Case, Dec. term, 1805. This was a case in which the prisoner stole a watch in Maryland and brought it to Wash-ington. The prisoner was convicted of larce-ny. Haukey's Case, cited by the attorney for the United States. The prisoner was con-victed. A horse was stolen in Maryland and brought to Washington. In the case of U. S. v. Bladen [Case No. 14,605], July term, 1809, indicted for manslaughter, the blow was given

2 The court in this case says: The statute recognizes the common law, by which the pos-session of stolen property in contemplation of law remains the owner, and the thief, there-fore, is guilty of theft in every place into which he carries the stolen goods. This principle ap-plied to the case of property stolen in one state and carried into another state.

3 In this case the unanimous opinion of the court affirming the Case of Cullins was, that the offence charged is the receiving the goods, knowing them to have been stolen. If the prin-cipal could be tried and convicted in this county the accessory may be tried and convicted also. The same reason applies to the case of stealing goods in one state and bringing them into an-other.

in Alexandria and death occurred in Maryland. Judgment was arrested.

Upon consideration of the authorities cited, THE COURT held that the receiving in the county of Alexandria, of stolen goods, with knowledge on the part of the receiver that the said goods had been stolen in the state of Maryland, and brought by the thief in said county of Alexandria is an offence within the jurisdiction of the criminal court of the District of Columbia, and it is ordered to be certified accordingly.